IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERRICK L. BROWN, #213616, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:03-CV-467-A |
| ) | WO |
| ) | |
| RALPH HOOKS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Derrick L. Brown, a state inmate. In a supplement to his petition filed on July 8, 2004, the petitioner submitted an affidavit from Gregory M. Fergerson in which the affiant recounts incriminating testimony made at petitioner's trial.[1] Specifically, Fergerson states that the petitioner acted in self-defense when he shot Regis Baker. Due to the submission of this new evidence, the court required that the respondents file a supplemental answer.

In their supplemental answer filed on August 2, 2004, the respondents assert that the petitioner has failed to exhaust state remedies with respect to any claim contingent on the Fergerson affidavit as this evidence was never presented to the state courts. The

---

[1] This affidavit was signed by Fergerson on May 25, 2004 and therefore could not have been in Brown's possession prior to such date.

respondents maintain that the petitioner may present his claim of actual innocence based upon the evidence provided by Gregory Fergerson in the May 25, 2004 affidavit by filing a petition for post-conviction relief pursuant to Rule 32, *Alabama Rules of Criminal Procedure*.

Based on the exhaustion argument presented in the respondents' supplemental answer, the court entered an order affording the petitioner an opportunity to demonstrate why the instant habeas petition should not be dismissed for his failure to exhaust state remedies. *See Order of July 12, 2004 - Court Doc. No. 14*. In response to this order, Brown argues that available state court remedies have been properly exhausted because "each ground[] raised by him is the exact grounds raised in his Rule 32 petition . . . and he has filed no amended complaint pertaining to the petition for writ of habeas corpus . . ." *August 16, 2004 Response - Court Doc. No. 18* at 1-2. The petitioner maintains that the affidavit of Gregory M. Fergerson does not represent a new claim for relief but is only evidence to support his previous claims which contained an "inference . . . that he is actually innocent." *Id.* at 2. However, it is undisputed that the affidavit of Gregory M. Fergerson was not available to the petitioner during his state post-conviction proceedings and was therefore never presented to the state courts for their review. Consequently, neither this evidence of actual innocence nor any claim related to such evidence has been properly exhausted through available state remedies.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Brown has not yet exhausted his available state court remedies with respect to his claim of actual innocence arising from the affidavit of Gregory M. Fergerson. This court does not deem it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that the petitioner exhaust all remedies available before the state courts with respect to each of the claims raised in this federal habeas petition. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before **May 10, 2005** the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE