IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERRICK LAKEITH BROWN, #213616, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:03cv467-WHA |
| ) | |
| RALPH HOOKS, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #53) and the Objection to the Magistrate Recommendation (Doc. #56). The court has carefully considered the Recommendation and Objection, and has conducted an independent *de novo* review of the entire record.

In the first five pages of his objection, Brown merely reiterates the procedural history of this case. Brown then states he "will object to the Magistrate Judge's entire Recommendation that would result in a decision that are contrary to, and involved a decision that are contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. . . ." *Objection* at 6. This conclusory legal assertion in no way addresses the findings contained in the Recommendation and is completely misplaced in the context of this case. The standard quoted by Brown is one utilized by federal courts to determine the viability of state court decisions rendered on the merits.

Brown further argues that he was denied effective assistance of counsel on appeal and such establishes cause for his default on the actual innocence claim. However, it is undisputed

that the procedural default on the actual innocence claim based on Fergerson's affidavit transpired long **after** Brown's direct appeal became final and occurred when Brown himself failed to present this claim to the state courts in a Rule 32 petition within six months of being made aware of the affidavit. Specifically, Brown's direct appeal process concluded in April of 2001. Fergerson prepared the affidavit on May 25, 2004 - over three (3) years after the direct appeal had become final. Thus, this affidavit could not have been utilized by counsel on direct appeal. Additionally, Brown was in possession of the affidavit, at the latest, in July of 2004, and therefore had until January of 2005 to file a Rule 32 petition utilizing this affidavit as a basis for state post-conviction relief. Brown failed to file such a petition, even after being advised to do so by the State (Doc. #48) and by the Magistrate Judge (Doc. #17). This failure resulted in the procedural default relevant in this case. Thus, any allegation of ineffective assistance of appellate counsel is completely irrelevant to the default. Moreover, Brown fails to file any objection to the finding that he has failed to establish his actual innocence of murder.

     The court agrees with the Recommendation of the Magistrate Judge, and finds that Petitioner's objection is without merit. Accordingly, the objection is overruled, the court adopts the Recommendation of the Magistrate Judge, and it is hereby

     ORDERED that this petition for habeas corpus relief is DENIED for the reason that the Petitioner failed to file the petition within the one-year period of limitation as set forth in 28 U.S.C. § 2244(d)(1). Final Judgment will be entered accordingly.

     DONE this 5th day of June, 2007.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE